UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT TESTA,

                                      Plaintiff,

                                                                   <u>DECISION AND ORDER</u>

                                                                   10-CV-6229L

                                        v.

LAWRENCE BECKER,
as plan administrator of the Xerox
Corporation Retirement Income Guarantee Plan,
XEROX CORPORATION RETIREMENT INCOME
GUARANTEE PLAN,
an Employee Pension Benefit Plan,

                                        Defendants.
_____

## INTRODUCTION

Plaintiff Robert Testa brings this action against the Xerox Corporation Retirement Income Guarantee Plan ("RIGP") and the administrator of the RIGP, alleging that his pension benefits have been reduced in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq*. Testa brought this action in the United States District Court for the Central District of California in January 2010, and the action was transferred to this Court in April 2010, based upon a forum selection clause in one of the relevant documents. That clause was added to the RIGP in July 2008.

Testa worked for Xerox Corporation over several periods from 1972 until his retirement in 2008. While he worked at Xerox, Testa was a participant in the RIGP. When he left Xerox's employ in 1983, plaintiff took a lump-sum distribution of the then-present value of his pension

benefit. Testa returned to work for Xerox in 1985, and ultimately retired from Xerox in August 2008. Complaint ¶ 53.

After Testa retired, defendants calculated his pension benefit. Plaintiff alleges that his benefit is significantly lower than it should be, due to the application of a "phantom account" offset to his benefit. That offset is so called because it involves defendants' deduction from a participant's pension benefit, not only of the amount of the lump sum that the participant received when he first left Xerox, but also a sum representing the hypothetical interest that the lump sum would have earned had it remained in the pension plan until the employee's retirement at the end of his final period of employment with Xerox.

In his complaint, plaintiff asserts four causes of action. The first two claims are for pension benefits, under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The first is based on the text of the RIGP, and the second on disclosures contained in the summary plan description ("SPD"). The third and fourth claims allege a breach of defendants' fiduciary duties, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The third cause of action seeks "to enforce [the] Ninth Circuit order" in *Miller*, and the fourth seeks unspecified "other appropriate relief." Plaintiff seeks benefits, injunctive relief and attorney's fees.

Defendants have moved to dismiss the complaint, mostly on the ground that plaintiff's claims are time-barred. Defendants also contend that plaintiff's claims under § 502(a)(3) are barred because plaintiff is essentially seeking benefits under the Plan, which can only be sought under § 502(a)(1)(B).

## BACKGROUND

This is not the only case in this Court involving these issues; in fact, it is one of several related cases presenting similar claims by current and former employees of Xerox, relating to their pension benefits and the application of the phantom account. Some of those cases have also been

presented to and addressed by the Courts of Appeals for the Second and Ninth Circuits, and the United States Supreme Court.[1]

For purposes of this Decision and Order, familiarity with those cases and with the relevant decisions in those cases is assumed, but of particular importance here is the *Frommert* case. In 2006, the Second Circuit ruled that Xerox's phantom account mechanism was not properly added to the RIGP until the issuance of the 1998 SPD, and that it would violate § 204 of ERISA for the plan administrator to apply the phantom account to employees rehired by Xerox prior to the issuance of the 1998 SPD. *Frommert v. Conkright*, 433 F.3d 254, 263 (2d Cir. 2006).

The Court of Appeals remanded the *Frommert* action to this Court, with directions to craft a remedy for employees rehired prior to 1998. On remand, this Court adopted an approach put forward by the *Frommert* plaintiffs. 472 F.Supp.2d 452 (W.D.N.Y .2007). The details of that approach are not significant here, because after the Second Circuit affirmed this Court's decision in relevant part, 535 F.3d 111, the Supreme Court granted review, and reversed the Court of Appeals' decision. The Supreme Court held that "[t]he Court of Appeals erred in holding that the District Court could refuse to defer to the Plan Administrator's interpretation of the Plan on remand ... ." 559 U.S. 506, ___, 130 S.Ct. 1640, 1650 (2010).

On remand from the Supreme Court, this Court then issued another decision, adopting the Plan Administrator's new interpretation of the Plan. 825 F.Supp.2d 433 (2011). That interpretation involves calculating each plaintiff's benefit as an annuity beginning at the plaintiff's normal retirement age, *i.e.*, age sixty-five, and incorporating into that calculation an offset of the participant's accrued benefit by the "actuarial equivalent" of the prior distribution. *Id.* at 439-40.

---

[1] Further background on these cases and their history is set forth in this Court's recent decision in *Kunsman v. Conkright*, ___ F.Supp.2d ___, 2013 WL 5631027, at *1-*2 (W.D.N.Y. 2013). Aside from the cases discussed in the body of this Decision and Order, the other related actions in this Court are *Anderson v. Xerox*, 06-6202; *Holland v. Becker*, 08-CV-6171; and *Clouthier v. Becker*, 08-CV-6441.

The plaintiffs in *Frommert* have appealed from that Decision and Order, and the appeal is now pending before the Second Circuit.

Since this case was initially brought in California, another case, *Miller v. Xerox Corp. Retirement Income Guarantee Plan*, is also relevant here, particularly since it is expressly cited and relied on in the complaint. *See* Dkt. #1 ¶ 66, 86-91. The same year that the Second Circuit issued its *Frommert* decision, the Ninth Circuit issued a decision in *Miller*, 464 F.3d 871 (9th Cir. 2006), *cert. denied*, 549 U.S. 1280 (2007). The Ninth Circuit held that the phantom-account methodology itself violates ERISA, and that "[t]he benefit properly attributable to the [prior] distributions is simply the ... annuity amount that those distributions would have provided." *Id.* at 875.

On remand in *Miller*, the district court "order[ed] the application of an offset equal to the actuarial equivalent of the prior ... lump sum distributions ... ." *See Frommert*, 825 F.Supp.2d at 441 (citing *Miller v. Xerox Corp. Retirement Income Plan*, No. 98-10389, *Frommert* Dkt. #134 at 8 (C.D.Cal. Sept. 22, 2010)). In so doing, the court found that "the RIGP Plan Administrator's proposal is reasonable and reaches as nearly as possible the actuarial equivalent of the prior lump sum distribution." *Id.* at 13. I essentially adopted the same approach in my 2011 *Frommert* decision. *See id.* at 442-47.[2]

---

[2]Both the Second and Ninth Circuits thus disapproved of the use of the phantom account mechanism, but they did so on different grounds. The Second Circuit held that the phantom account could not be applied to employees rehired prior to issuance of the 1998 SPD, because it had not been adequately disclosed until then. The Ninth Circuit held that the phantom account mechanism itself "violates the substantive requirements of ERISA ... by overestimating the value of distributions made upon a previous separation from employment, and the corresponding reduction in benefits at retirement." 464 F.3d at 874. As stated, however, on remand both this Court in *Frommert* and the district court in *Miller* adopted essentially the same remedy. *See Frommert*, 825 F.Supp.2d at 440-41.

# DISCUSSION

## I. Limitations Periods under ERISA

Because ERISA contains no statute of limitations for non-fiduciary claims, such claims are generally subject to the most analogous state statute of limitations. *Guilbert v. Gardner*, 480 F.3d 140, 148-49 (2d Cir. 2007); *Miles v. New York State Teamsters*, 698 F.2d 593, 598 (2d Cir. 1983). In New York, courts typically apply the six-year limitations period for contract actions set forth in N.Y. C.P.L.R. § 213. *See, e.g.*, *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009); *Bilello v. JPMorgan Chase Retirement Plan*, 607 F.Supp.2d 586, 594 (S.D.N.Y. 2009); *Miele v. Pension Plan of New York State Teamsters Conference Pension & Retirement Fund*, 72 F.Supp.2d 88, 98 (E.D.N.Y. 1999). "New York permits contracting parties to shorten a limitations period, however, if the agreement is memorialized in writing." *Burke*, 572 F.3d at 78 (citing C.P.L.R. § 201).

Whichever period applies–statutory or contractual–such claims accrue "when a plan clearly and unequivocally repudiates the plaintiff's claim for benefits and that repudiation is known, or should be known, to the plaintiff." *Carey v. International Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 50 (2d Cir. 1999). That rule applies "regardless of whether the plaintiff has filed a formal application for benefits." *Id.* at 49.

ERISA claims for breach of fiduciary duty are governed by § 413 of ERISA, 29 U.S.C. § 1113, which sets forth a limitations period for breach of fiduciary duty claims of six years from the date of the last action constituting a part of the breach, or three years from the earliest date on which the plaintiff had actual knowledge of the breach, whichever period ends first. The statute also provides, however, that "in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." *Id.*

## II. Timeliness of Plaintiff's Claims in this Case

In this Court's recent decision in *Kunsman*, I held that Xerox's 1998 SPD constituted "a clear repudiation of plaintiffs' claims that the phantom account should not have been applied to them," since it "made it quite clear that benefits would be reduced based on the hypothetical growth of the

employee's prior lump-sum distribution." ___ F.Supp.2d at ___, 2013 WL 563107, at *4. I reach the same conclusion here.

I will not repeat here everything contained in the *Kunsman* decision, but this Court stated there that

> [t]he Second Circuit has made clear that "the details of the phantom account offset functions were set out in full in the 1998 Summary Plan Description ('SPD')," *Frommert*, 433 F.3d at 260, and that "the phantom account was fully explained" in that SPD, *id.* at 262. The court went on to state that "the 1998 SPD amended the text of the Plan to include the phantom account and comparative methodology by fully setting out how they are used to calculate rehired employees' benefits," and that "the 1998 SPD adequately describes the offset procedure." *Id.* at 268-69. From 1998 onwards, then, the phantom account has been a part of the Plan.

*Kunsman*, ___ F.Supp.2d at ___, 2013 WL 563107, at *4.

As to Testa's claims for benefits under § 1132(a)(1)(B), then, regardless of whether those claims are based on the Plan itself or on the SPDs, "[i]t is ... unnecessary for the Court to decide whether plaintiffs' claim[s are] governed by the one-year contractual limitations period, or the six-year period that would otherwise be applicable. Even if the Court were to apply a six-year limitations period, plaintiffs' time within which to file suit asserting a claim for benefits under § 1132(a)(1)(B) expired in 2004," some six years before plaintiff started this lawsuit.[3] *Id.* at *6.

As to plaintiff's claims under § 1132(a)(3) for breach of fiduciary duty, I also find, for the same reasons stated in *Kunsman*, that such a claim is barred, in all but one respect.

Insofar as plaintiff simply attempts to recast his claims for benefits under the Plan or the SPDs in the guise of a claim for breach of fiduciary duty, he cannot do so. If a plaintiff seeks plan benefits, the proper vehicle for such a claim is § 1132(a)(1)(B), not a fiduciary-duty claim for equitable relief under § 1132(a)(3). *See Harrison v. Digital Health Plan*, 183 F.3d 1235, 1237 n.1 (11th Cir. 1999) (finding no error in district court's dismissal of plaintiff's claim for breach of fiduciary duty as duplicative of claim for recovery of benefits); *France v. PNC Financial Services Group, Inc.*, No. 12–268, 2013 WL 3279772, at *5 (W.D.Pa. June 26, 2013) ("At bottom, Plaintiff's fiduciary duty claims turn on the purported wrongful denial of benefits, and he seeks money damages

---

[3] I note that the plaintiff in *Miller* filed suit in December 1998, less than four months after the 1998 SPD was issued. *Miller*, 464 F.3d at 874. Thus, there was no limitations issue in *Miller*.

on the same basis. The claims, therefore, are duplicative of his benefits claim, and they ... will be dismissed") (citation omitted).

In his third cause of action, however, plaintiff alleges that he is entitled to an order compelling defendants to comply with the Ninth Circuit's ruling in *Miller*. Complaint ¶ 99. This claim is thus akin to the claim in *Kunsman* that the defendants breached their fiduciary obligations by ignoring court rulings, particularly the Second Circuit's 2006 *Frommert* decision holding that "the phantom account may not be applied to employees rehired prior to the issuance of the 1998 SPD," because those employees had not been adequately notified that the phantom account method would be used to calculate their benefits. 433 F.3d at 263.

This Court stated in *Kunsman* that

> plaintiffs could not have foreseen ... that defendants would ignore the directives of the Second Circuit, and continue to apply the phantom account to Xerox retirees, after the issuance of the *Frommert* decision in 2006. In my view, that provides a sufficient basis for a claim for breach of fiduciary duty, based on defendants' alleged breach of their duty to discharge their duties "solely in the interests of the participants and beneficiaries" of the Plan.

2013 WL 5631027, at *11. The same reasoning holds true here. Plaintiff may have been on notice since 1998 of the existence and operation of the phantom account mechanism, but he could not have anticipated, after both the Second and Ninth Circuits disapproved of the use of that mechanism in 2006, that defendants would essentially ignore those rulings, and continue to apply the phantom account, as to anyone who had not won a victory in court.

In my view, then, plaintiff has stated a facially valid claim for breach of fiduciary duty based on defendants' alleged refusal to follow either *Frommert* or *Miller* with respect to his benefits. *See Kunsman*, 2013 WL 5631027, at *11 (holding that plaintiffs had stated claim "based on defendants' alleged breach of their duty to discharge their duties 'solely in the interests of the participants and beneficiaries' of the Plan'") (quoting 29 U.S.C. § 1104(a)(1)). Such a claim could not have arisen before those decisions were issued in 2006.

Nor would the breach have been apparent immediately upon issuance of those decisions; it was not the decisions themselves, but defendants' alleged disregard of them, that gave rise to plaintiff's claim for breach of fiduciary duty. Exactly when that breach became known to plaintiff

is not apparent from the record before me, except that it presumably became known sometime after those decisions were issued, and no later than plaintiff received his "pension calculation statement" in January 2009.  *See* Complaint ¶ 65.

For purposes of the motion to dismiss, however, the Court need not determine precisely when plaintiff's claim arose.  Likewise, the Court is not now faced with the question of the relief available to plaintiff, should he prevail on this claim.  The salient fact, for purposes of the present motion, is that the record as it now stands does not warrant dismissal of plaintiff's claim under § 502(a)(3) as time-barred.  Defendants' motion to dismiss plaintiff's third cause of action is therefore denied.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #22) is granted in part and denied in part. Plaintiff's first, second and fourth causes of action are dismissed.  The motion is denied as to the third cause of action, insofar as that cause of action sets forth a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), as set forth in the body of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 30, 2013.